**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30878**
_____


**In the matter of: WARREN J. PICKLE,**

                                                        **Debtor.**

**WARREN J. PICKLE,**

                                                        **Appellant,**

                            **versus**

**STEVEN GREENSTEIN,**

                                                        **Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-2937)

_____


June 12, 1998

Before GARWOOD, JONES, and WIENER, Circuit Judges.

By EDITH H. JONES, Circuit Judge.[*]

　　　　Appellant Warren J. Pickle appeals the district court order affirming the bankruptcy court order denying his motion to dismiss appellee Steven Greenstein's adversary bankruptcy action.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court's order is interlocutory, we do not have jurisdiction to review it and this appeal is dismissed.

## I. Background

In October 1992, Pickle filed for bankruptcy under Chapter 7. In January 1993, Greenstein filed an adversary complaint in bankruptcy court against Pickle, his former attorney, alleging legal malpractice and seeking to have his damages declared nondischargeable. In June 1993, Greenstein took a default judgment against Pickle for $360,187.76. In July 1996, Pickle filed a motion in bankruptcy court to vacate the default judgment and to dismiss the underlying complaint on the ground that he was not properly served with Greenstein's complaint. In August 1996, the bankruptcy court found that Pickle was not properly served with Greenstein's complaint and, therefore, vacated the default judgment. The bankruptcy court, however, declined to dismiss Greenstein's complaint against Pickle on the ground that Greenstein had shown "good cause" for his failure to serve Pickle pursuant to then Federal Rule of Civil Procedure 4(j) and Bankruptcy Rule 7004.[2] In August 1997, the district court affirmed the judgment of the bankruptcy court. This appeal followed.

---

[2] Bankruptcy Rule 7004 makes applicable to bankruptcy cases Federal Rule of Civil Procedure 4(j), which required until 1993 (when Rule 4 was revised) that service be made within 120 days unless the plaintiff could show "good cause" for his failure to serve the defendant. The pre-1993 Rule 4 governed service of process under the bankruptcy code until 1996 when Rule 7004 was amended to conform to the revised Rule 4. *See* Rule 7004, 11 U.S.C.A. (Supp. 1998) (advisory committee notes).

Pickle argues that the lower courts erred by not dismissing Greenstein's complaint because it was clearly erroneous to find that Greenstein presented "good cause" for his failure to serve Pickle. We cannot reach the merits of Pickle's appeal because this court lacks jurisdiction.

## II. Analysis

This court has "jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(d) (emphasis added); *see also In re England*, 975 F.2d 1168, 1171 (5th Cir. 1992). "District courts also have appellate jurisdiction over bankruptcy cases; however, their jurisdiction includes interlocutory orders and decrees on which the court has granted leave to appeal." *In re England*, 975 F.2d at 1171 (citing 28 U.S.C. § 158(a)).

Interpreting 28 U.S.C. § 1291, the Supreme Court has defined a "final judgment" as a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 101 S. Ct. 669, 672-73 (1981)). Finality in bankruptcy proceedings, however, is viewed "in a more practical and less technical light." *Id.* "[A]n order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d). Finality in

3

bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." *Id*. at 1172 (internal citations omitted).

In general, an order denying a motion to dismiss is considered a nonappealable interlocutory order. *See Catlin v. United States*, 65 S. Ct. 631, 635 (1945); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1103 (5th Cir. 1981). The same rule applies in bankruptcy appeals. A bankruptcy court's order denying a motion to dismiss generally is not a "final" order within the meaning of 28 U.S.C. § 158(d).[3] *See, e.g.*, *In re Empresas Noroeste, Inc.*, 806 F.2d 315, 316 (1st Cir. 1986); *see also In re Phillips*, 844 F.2d 230, 235-36 (5th Cir. 1988) (holding that an order denying a creditor's motion to dismiss based on the defense that the debtor was ineligible under 11 U.S.C. § 109(g) is nonfinal because it is only a preliminary step in one phase of the

_____

[3] This is a general rule to which exceptions exist. A district court's ruling on a bankruptcy court's interlocutory order may leave nothing for the bankruptcy court to do, and thus transform the bankruptcy court's interlocutory order into a final appealable order. For example, if a bankruptcy court denied a motion to dismiss for lack of subject matter jurisdiction (an interlocutory order) and the district court reversed and dismissed, then the reversal would end the case in the bankruptcy court, and a final appealable order would result. *See In re Phillips*, 844 F.2d 230, 234-35 (5th Cir. 1988) (citing *In re Cash Currency Exch., Inc.*, 762 F.2d 542 (7th Cir. 1985)). The case at hand, however, does not fall within any exceptions to the general rule.

bankruptcy proceeding and does not directly affect the disposition of the estate's assets). The order at issue in this case does not end a "discrete judicial unit" within a larger bankruptcy case, but rather it is an appeal from an interlocutory order *within* such a "discrete judicial unit." The result of the bankruptcy court's denial of Pickle's motion to dismiss is that this bankruptcy proceeding will continue and Greenstein's claim(s) will be adjudicated on the merits. The denial of Pickle's motion is but a preliminary step in one phase of his bankruptcy proceeding, and it does not directly affect the disposition of the estate's assets. Therefore, the district court's order affirming the bankruptcy court's order is interlocutory and not appealable.

### III. Conclusion

This appeal is **DISMISSED** for lack of appellate jurisdiction.